UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY SERVICES, INC.,

        Plaintiff,

                                                                       Case Number: 16-10169

v.                                                        Honorable David M. Lawson

ANTHONY D. KIM,

        Defendant.
_____/

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND SCHEDULING HEARING ON MOTION FOR PRELIMINARY INJUNCTION

      The matter is before the Court on the plaintiff's motion filed late yesterday afternoon for a temporary restraining order and preliminary injunction. According to the complaint, which was filed in state court on January 6, 2016, the defendant, Anthony D. Kim, a citizen and resident of the State of Illinois, left the employ of the plaintiff, a provider of staffing services, on November 19, 2015 and shortly thereafter took a job with Randstad Sourceright USA, a competitor of the plaintiff. The plaintiff alleges that Kim is doing the same work at Randstad as he did for the plaintiff, and confidential information to which Kim was exposed at Kelly would help him in his present job. Kelly also alleges that it is informed (but not by whom) and believes that Kim took with him Kelly's proprietary information and is using Kelly's confidential information in his work for Randstad. All of this, says Kelly, violates a non-compete and non-disclosure agreement Kim signed when he was hired by Kelly.

      The plaintiff obtained a temporary restraining order from the state court when it filed its lawsuit there, although it is not clear why the order was issued on an *ex parte* basis without notice to Kim. Kim obviously was served with the order and the lawsuit papers, since he has removed the

case to this Court, alleging diversity of citizenship jurisdiction. The state court's "temporary" restraining order does not have an expiration date (it says it continues "until further Order of this Court"), although by operation of law it expired 14 days after its entry date, *see* Mich. Ct. R. 3.310(B)(3), which would have been on January 21, 2016. The state court had scheduled a hearing for January 27, 2016 on the plaintiff's request for a preliminary injunction, which will not proceed because the case has been removed. *See Nat'l S.S. Co. v. Tugman*, 106 U.S. 118, 122 (1882) (holding that "[u]pon the filing, therefore, of the petition and bond,—the suit being removable under the statute,—the jurisdiction of the state court absolutely ceased").

The plaintiff requests a temporary restraining order prohibiting the defendant from continuing his employment with Randstad and any other competitor; from soliciting the plaintiff's customers or employees; and from using or disclosing the plaintiff's trade secrets. In addition, the plaintiff seeks an order requiring the defendant to return immediately all tangible information that the defendant obtained from the plaintiff. The plaintiff offers no reason, however, why this relief is justified on an *ex parte* basis. The motion is silent on the efforts, if any, plaintiff's counsel made to contact the defendant or his attorney. Nor is there any evidence to suggest that irreparable harm would occur were the defendant given an opportunity to contest this motion.

Federal Rule of Civil Procedure 65(b) states in part:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). "Reasonable notice" consists of information received within a reasonable time to permit an opportunity to be heard. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (noting that *ex parte* "temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard").

The plaintiff has not addressed all the requirements set forth in Rule 65(b). A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm. *See Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13 (E.D. Mich. 1991). A temporary restraining order enjoining a former employee from pursuing his livelihood is indeed a drastic remedy. *See Hudson v. Barr*, 3 F.3d 970, 975 (6th Cir. 1993). Neither the motion nor the verified complaint contains facts or reasons "why [notice] should not be required." Fed. R. Civ. P. 65(b). Nor are there sufficient *factual* allegations establishing that irreparable harm may result "before the adverse party can be heard in opposition." *Ibid.* On the present record, the Court finds that the drastic remedy of granting a temporary restraining order without reasonable notice is not justified.

The Court is mindful that the dispute in this case arises in a business context and, if the plaintiff's allegations are true, the defendant's alleged conduct *could* result in damage to the plaintiff that might be difficult to compute. The plaintiff should be allowed an opportunity to demonstrate entitlement to equitable relief pending the ultimate determination of the merits of this case. However, the present record does not justify granting such relief without reasonable notice to the defendant.

Accordingly, it is **ORDERED** that the plaintiff's motion seeking a temporary restraining order is **DENIED**.

It is further **ORDERED** that the plaintiff's request for a preliminary injunction is scheduled for a hearing on **Friday, February 19, 2016** at **8:30 a.m.**  The parties, through counsel, are directed to **meet and confer** on or before **January 29, 2016**, for the purpose of discussing and narrowing the issues to be presented to the Court at the motion hearing.  On or before the close of business on **February 12, 2016**, each party shall submit to the Court and exchange a list of proposed witnesses and exhibits intended to be presented at the hearing, together with a summary of each witness's testimony and an estimated time for the direct examination.

It is further **ORDERED** that the plaintiff's attorney shall cause a copy of this order together with the other suit papers to be served personally upon the defendant **on or before January 27, 2016**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: January 26, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 26, 2016.

                              s/Susan Pinkowski
                              SUSAN PINKOWSKI